UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONNSERO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>F. FOULK, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-1541-EFB P<br><br><br>ORDER |

Plaintiff Michael Connsero is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Connsero v. Wright*, 1:09-cv-02113-GSA (E.D. Cal.) (dismissed October 21, 2010 for failure to state a claim); (2) *Connsero v. Scribner*, 1:07-cv-00273-OWW-WMW (E.D. Cal.) (dismissed June 3, 2008 for failure to state a claim); and (3) *Connsero v. Knowles*, 2:04-cv-00494-FCD-PAN (E.D. Cal.) (dismissed December 14, 2004 for failure to state a claim); *see also Connsero v. Evans*, 3:07-cv-04285-JSW (Apr. 3, 2008 N.D. Cal.) (dismissing action after designating plaintiff a three strikes litigant pursuant to 28 U.S.C. § 1915(g)); *Connsero v. Variz*, 3:06-cv-05493-JSW (Nov. 27, 2007 N.D. Cal.) (same).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception."  *Id.* at 1055.

Here, plaintiff claims that prison officials falsified a report to cover up their involvement with three inmates who assaulted plaintiff, and that their conduct warrants criminal prosecution. ECF No. 1, § III.  He does not allege he faced imminent danger of serious physical injury at the time he filed his complaint, and there is no plausible basis for concluding such a danger existed. Therefore, the imminent danger exception does not apply.

As plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis is denied and this action is dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

Dated:  August 4, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE